IRENE WESTFIELD *vs.* YELLOW CAB COMPANY OF PROVIDENCE

HOWARD W. WESTFIELD *vs.* YELLOW CAB COMPANY OF PROVIDENCE.

APRIL 2, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. These are two actions of trespass on the case for negligence brought by a wife and her husband to recover for personal injury and consequential damages alleged to have been sustained by reason of a collision between two motor vehicles. The cases were tried together to a jury in the superior court and resulted in a verdict for the plaintiff wife in the amount of $1,200 and for the plaintiff husband in the amount of $300. Thereafter the defendant's motion in each case for a new trial was granted, and the cases are before this court on the plaintiffs' exceptions thereto.

The collision out of which the instant litigation arose occurred shortly after noon on May 7, 1959 at the intersection of Plain and Trask streets in the city of Providence. One of the automobiles involved therein was owned by Howard W. Westfield and operated by his wife Irene Westfield, hereinafter referred to as the plaintiff. The other automobile involved was a taxicab owned by defendant and operated by its employee Arthur Marsland. The plaintiff and defendant's driver were the only eyewitnesses to the accident who testified during the trial. It is not disputed that prior to the collision plaintiff was operating her car in a westerly direction along Trask street toward the easterly side of the intersection thereof with Plain street. The defendant's cab was being operated along Plain street in a northerly direction, approaching the southerly side of said intersection or, in other words, approaching the intersection from plaintiff's left.

According to plaintiff's testimony, she brought her car to what she described as "practically a stop" at the intersection with its front bumper at that time being at the easterly line of the intersection. She testified that she then looked to her left in a southerly direction into Plain street. To her immediate left at the southeast corner of the intersection stood a large house partly surrounded by a wire fence. A bay window projected from this house on the

Plain street side, and a large tree was located at the southeast corner of the intersection.

The plaintiff testified that when she looked southerly into Plain street, she was able to see into the westerly side thereof a distance which she approximated as being between 70 and 90 feet. She testified, however, that her view along the easterly side of Plain street was restricted to a distance which she approximated as being about 25 feet. Her testimony, in substance, was that the distance she could see along the easterly side of Plain street was limited by the location of the house and tree at the southeast corner of the intersection. The plaintiff further testified that she saw no vehicles on that part of Plain street within her view when she looked to her left. She then looked to her right, or in a northerly direction, along Plain street and observed no vehicles approaching from that direction. She shifted her car into first gear and drove into the intersection. When the front end of her car was approximately halfway across the intersection, she looked again to her left and for the first time saw defendant's cab. She stated that it was about 24 feet away, approaching from her left. In an attempt to avoid a collision, she increased the speed of her car, but defendant's cab struck the left side of her car just to the rear of the left front fender.

The testimony of defendant's driver is in conflict with that of plaintiff. According to his version of the accident, he had, upon reaching the southerly side of the intersection, slowed down and looked to his right, being able to see into Trask street for a distance of from 20 to 30 feet. He testified that he saw no vehicle within this portion of Trask street and proceeded to enter the intersection. He stated that when he was about halfway through the intersection, he again looked to his right and saw plaintiff's car about 20 feet away coming toward him. He then attempted to turn his car to the left to avoid the collision

and, applying the brake, brought it to a stop, at which time plaintiff's car struck the right front fender of the cab.

The trial justice, in deciding the motions for a new trial, stated that in his opinion the evidence established the negligence of defendant's operator. He granted the motions, however, expressly on the ground that plaintiff was contributorily negligent when she entered the intersection in the circumstances to which she had herself testified. In other words, it is our opinion that the trial justice, in passing upon the weight of the evidence, rejected the testimony of defendant's operator and gave full credibility to the testimony of plaintiff concerning the conditions and circumstances under which she entered the intersection. He concluded from that evidence, however, that plaintiff's act in entering the intersection under such conditions constituted contributory negligence.

As we understand it, the rule invoked by the trial justice is that one who enters a place of potential peril, such as a motorist entering a highway intersection, is required in the interest of his own safety to observe the conditions existing therein at such time and place as will suffice to make the observation effective. *Lawton* v. *Vadenais,* 84 R. I. 116, 120. The trial justice stated this view in explicit terms: "In other words, if there is a tree in the way or obstructing one's vision it does not avail that plaintiff anything to say that she looked at a particular point when her vision was obstructed by a tree or another obstruction. She must look when looking is efficient."

The rule to which the trial justice thus refers, in our opinion, is properly applied in cases in which a plaintiff has testified that upon entering into a place of potential peril he looked and saw nothing of a perilous nature when in view of the subsequent events it is clear that had the plaintiff looked when looking would be effective, he would have observed the perilous situation that in fact existed. See *Keenan* v. *Providence Journal Co.,* 52 R. I. 54; *Zielinski* v.

*Riley*, 61 R. I. 14. Those are situations in which the plaintiff's testimony is impeached by the improbability inherent therein.

The instant case does not involve such a situation. The trial justice obviously rested his ruling upon an acceptance of plaintiff's version of the circumstances under which she entered the intersection as being wholly credible. On those facts he held that plaintiff entered the intersection when she had observed the condition of traffic with respect thereto while her view to the south along Plain street was partially obstructed. He concluded, therefore, that plaintiff was not in the exercise of due care for her own safety.

This court has never prescribed any precise test for determining the time and place at which the operator of a motor vehicle approaching an intersection must, in the exercise of reasonable care, look for vehicles on the intersecting street. In *Dembicer* v. *Pawtucket Cabinet & Builders Finish Co.*, 58 R. I. 451, this court said at page 456: "A person approaching the intersection should make the necessary observation at a time and place where observation, in the exercise of ordinary care, will be reasonably effective." The question of when such an observation is consistent with an exercise of reasonable care is one largely dependent upon the circumstances of the particular case.

It is also well settled that the question of contributory negligence is generally for the jury unless the state of the evidence is such that the only reasonable inference to be drawn therefrom is inconsistent with an exercise of due care on the part of the plaintiff. *Quinn* v. *Poole*, 85 R. I. 280, 285. The rule as we have stated in *Wroblewski* v. *Grimley*, 88 R. I. 228, 232, is as follows: "The question of contributory negligence is ordinarily one for the jury, unless it clearly appears that the only reasonable conclusion to be drawn from the undisputed facts is that in the circumstances of the case a person of ordinary prudence would not have so acted."

In cases arising out of a collision between motor vehicles at a highway intersection, we have repeatedly held that the question of the plaintiff's contributory negligence raises a jury question. *Simpson* v. *Gautreau,* 62 R. I. 309; *Hevey* v. *Vieira,* 84 R. I. 59. The state of the evidence was such as in our opinion warranted the jury's finding that plaintiff was in the exercise of due care when she entered the intersection.

The plaintiff, at the time she looked to her left at the intersection, was able to see into the westerly side of Plain street for a distance of from 70 to 90 feet south of the intersection. At the same time her view into the easterly side of Plain street was limited to a distance of about 25 feet south of the intersection. While it is true that her view into the easterly side of Plain street was obstructed, it is clear that at that time her view included a substantial segment of that portion of Plain street that lies immediately to the south of the intersection. In these circumstances we are unable to agree that plaintiff's action in entering the intersection without making a further observation of the conditions to the south on the easterly side of Plain street amounted to a failure on her part to exercise reasonable care for her own safety. Whether her entering into the intersection in these circumstances was not the conduct of a reasonably prudent person in the same circumstances was, in our opinion, a question for the jury.

We have carefully examined the decision of the trial justice and are persuaded therefrom that in the exercise of his independent judgment he did pass upon the weight of the evidence and the credibility of the witnesses. Howver, we are unable to agree with his conclusions as to the weight to be given the evidence relating to the plaintiff's entry into the intersection.

The plaintiff's exception in each case is sustained, and on April 11, 1962 the defendant may appear before this court and show cause, if any it has, why each case should

212

not be remitted to the superior court with direction to enter judgment on the verdict.

*Stephen F. Mullen,* for plaintiffs.

*McGee and Doorley, Frank G. McGee,* for defendant.